## FOUKE et al. v. JORDY.

(Circuit Court of Appeals, Fifth Circuit. April 27, 1923.)

No. 4021.

1. **Garnishment** ⊜238—**Successful defense·to garnishment not conclusive in suit by debtor.**

That garnishees successfully denied indebtedness to defendant in garnishment suit is no defense to later suit by the defendant in garnishment to establish such liability; the parties to the later suit not being adversaries in the garnishment proceeding.

2. **Brokers** ⊜8(3)—**Held entitled to commission as effecting a sale, not mere incorporation of business.**

Evidence that purchasers procured by broker, contracted to pay for the property, consisting of sawmill, land, timber, and logging railroad, $125,000 cash, assume payment of $227,000 under a contract, and issue to owners $200,000 out of $600,000 capital stock of a company to be organized, the owners to make good any shortage of 80,000,000 feet of timber at $5 per 1,000 feet, liability to the broker for his agreed commission could not be successfully disputed on the ground that the transaction was not a sale, but a mere incorporation of the business.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Brokers ⬀87—Recovery held not excessive.**

Where purchasers of land, timber, sawmill, and logging railroads paid $125,000 cash, assumed payment of $227,000 and issued to owners $200,000 of $600,000 capital stock of the company organized by them under a contract requiring the owners to make good any shortage of the estimated stand of timber at $5 per 1,000 feet, and part of the stock so issued to owners was assigned by them in payment of their debts to various creditors, an allowance of the agreed rate of commission on the purchase price, less the par value of stock issued, was not excessive, because not including computation of owner's possible liability for estimated deficit in timber stand, such estimated deficit was less in amount than debts paid by assignment of stock.

In Error to the District Court of the United States for the Southern District of Mississippi; William B. Sheppard, Judge.

Action by J. Numa Jordy against C. W. Fouke and others. Judgment for plaintiff, and defendants bring error. Affirmed.

A. S. Bozeman and Ben F. Cameron, both of Meridian, Miss., for plaintiffs in error.

Gabe Jacobson, Harden H. Brooks, and Marion W. Reily, all of Meridian, Miss., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This suit was brought by J. Numa Jordy against C. W. Fouke, Mrs. George W. Fouke, and S. H. Hindman, partners engaged in business under the firm name and style of the George W. Fouke Lumber Company, who were the owners of a saw-mill and a large body of land and timber, and against the Mississippi & Western Railroad Company, a corporation owned principally and controlled by the partnership, and used almost exclusively as an adjunct to the sawmill.

January 6, 1921, the plaintiff, who was a real estate broker, entered into a contract with the defendants by which it was agreed that he should be their exclusive agent until June 1, 1921, for the sale of their land, timber, sawmill, and railroad, and should receive as his compensation 3 per cent. of the purchase price in the event of a sale. The declaration alleges that prior to June 1, 1921, the plaintiff found parties, able, and willing to purchase, to whom the defendants afterwards sold their said property for $550,000.

The defendants filed a plea of the general issue, and a special plea, which sets out a suit against plaintiff for $250 damages, in which the defendants were made garnishees, and in which they were held not liable on their answer that they were not indebted to the plaintiff. A demurrer to the special plea was sustained.

During April and May of 1921, the plaintiff interested W. M. Waterman, W. F. Ingram, and Henry Walker in the property, showed it to them, and introduced them to the defendants, to whom an offer of purchase was made. Evidence for the plaintiff is sufficient to prove that Waterman, Ingram, and Walker bought the property before the 1st of June. Evidence for the defendants is to the effect that no conveyance of the property was agreed upon until June 15, at which time

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Waterman, Ingram, and Walker agreed with C. W. Fouke, who was acting for the defendants, to pay $125,000 cash, assume payment of $227,000 to the Hayes Land & Timber Company, under a contract which that company had for the sale of timber to the defendants, and agreed to issue to the George W. Fouke Lumber Company one-third of the capital stock of a corporation which it was agreed should be organized, and that the defendants agreed to make good any shortage of 80,000,000 feet of timber, at $5 per thousand feet.

The defendants surrendered possession of the property about July 1, 1921. At the time of the trial the cash payment of $125,000 had been made, and $100,000 in addition had been paid on account of the Hayes Land & Timber Company contract. C. W. Fouke testified that there would be a shortage of 17,000,000 feet of timber according to the cruise which the Waterman-Fouke Lumber Company had made.

August 29, 1921, the defendants conveyed the property, which plaintiff was employed to sell, to the Waterman-Fouke Lumber Company, a corporation with an authorized capital of $600,000, whose letters patent were issued July 19, 1921. Capital stock of the par value of $200,000 was issued to the defendants, who at the time of the trial had assigned stock of the par value of $86,000 in payment of their debts to various creditors. The balance of the capital stock was issued to Waterman, Ingram, and Walker.

At the close of the evidence the defendants moved the court to direct a verdict in their favor, upon the grounds (1) that the undisputed evidence disclosed a mere incorporation of their partnership business, instead of a sale; and (2) that the transactions with Waterman, Ingram, and Walker, even if they constituted a sale, occurred after plaintiff's contract had expired. But the court denied the motion, and the defendants excepted.

The District Judge instructed the jury that the plaintiff could not recover, unless he completed the sale prior to June 1, 1921, even though the defendants made a sale thereafter; that, if they should find for the plaintiff, they should not allow a commission upon that part of the purchase price represented by the stock issued to the defendants, but limited the purchase price to the $125,000 cash payment, and the $227,000 which represented the indebtedness of the defendants to the Hayes Land & Timber Company. The jury returned a verdict, based upon these two amounts for $10,560.

The death of Mrs. George W. Fouke was suggested at the trial and the suit was dismissed as to her. This writ of error was sued out, and a supersedeas bond given on behalf of the other defendants, by counsel who represented them at the trial. Hindman, one of the defendants, now claims that counsel acted in these matters without his authority, and moves to dismiss the writ of error as to him. The motion is granted, and a severance allowed to the remaining defendants. The authority of counsel for the defendants to execute the supersedeas bond on behalf of Hindman is not now involved, and we do not pass upon it.

[1] The defendants assign error, and contend that the court erred in sustaining the demurrer to their special plea, and in refusing to di-

rect a verdict in their favor; and that the judgment is excessive. The parties to this suit were not adversaries in the garnishment proceeding, and the fact that the defendants, as garnishees, successfully denied liability is no defense to a suit by the defendant in garnishment to establish such liability. 15 R. C. L. 1013; 20 Cyc. 1149; Waples on Attachment and Garnishment, § 955; Bigelow on Estoppel (5th Ed.) 139.

[2] We are of opinion that the transactions between the defendants and the parties produced to them by the plaintiff constituted a sale. The title was conveyed to a corporation organized and financed by the parties, whom the plaintiff interested as prospective purchasers. The defendants did not sustain the relation of incorporators for their own convenience or purposes. Their agreement to make good the shortage of timber is inconsistent with that theory, as is also their receipt of the cash payment, which was not made on account of stock, but for the property.

It was for the jury to settle the conflict in the evidence as to the time when the sale was made. The evidence for the defendants that it was completed within a few days after the expiration of plaintiff's contract is not very convincing, and it was clearly within the province of the jury to reject it.

[3] In support of the contention that the judgment is excessive, it is urged that the court should have allowed a deduction of $85,000 in the purchase price. The liability of the defendants to the Hayes Land & Timber Company of $227,000 was assumed by the corporation. This amount clearly formed a part of the purchase price, notwithstanding the fact that the defendants were not released from their obligation. No liability upon the part of the defendants had accrued at the time of the trial, and it was problematical whether such liability would ever arise. But the defendants are not in a position to claim a deduction on account of their guaranty, because they received as a part of the purchase price, upon which they were not required to account to the plaintiff for a commission, one-third of the capital stock of the new corporation, out of which they have assigned in payment of their debts stock of the par value of $86,000. It thus appears that the defendants paid debts greater in amount than their estimated liability upon their guaranty, unless the stock was accepted by their creditors at less than par, as to which the evidence is silent. We are unable to say, in any view of the evidence, that the judgment was excessive.

Error is not made to appear by any of the assignments, and the judgment is affirmed.